GALE v. CHASE NAT. BANK. (Circuit Court of Appeals, Second Circuit. May 11, 1901.) No. 158. In Error to the Circuit Court of the United States for the Southern District of New York. E. B. Whitney, for plaintiff in error. Thomas B. Reed, for defendant in error. Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. The questions presented on this appeal are interesting, and some of them have not been passed upon, at least in concrete form, by the supreme court. The record, however, does not seem to present any important modifications (save only as to the number and particulars of former cashier's drafts not objected to) from that which was before this court on the first writ of error. 43 C. C. A. 496, 104 Fed. 214. We therefore deem it unnecessary to add anything to the exhaustive discussion of the questions which will be found in the former opinion. Upon that opinion, and the careful review of the new proofs which will be found in the judge's charge, the judgment of the circuit court is affirmed.

---

HOLMES, BOOTH & HAYDENS v. McGILL. (Circuit Court of Appeals, Second Circuit. April 25, 1901.) No. 57. In Error to the Circuit Court of the United States for the Southern District of New York. This is an application of the plaintiff in error for leave to move in the circuit court of the United States for the Southern district of New York for a new trial of the cause, so far forth as it relates to the question of the true title and ownership of the process patent dated December 3, 1889, and numbered 416,510, upon the ground of newly-discovered evidence. For former opinion of this court, see 108 Fed. 238. Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. The newly-discovered evidence, which is based upon the letter of Mr. Wayland of October 4, 1889, to the defendant in error (of the existence of which we have no doubt), is not sufficient to induce this court to grant the application, in view of the history of the process patent as disclosed in the record. The letter does not substantially assist to change the conclusion that the process patent for the invention of Shipley was always owned by McGill as his own property. The application is denied.